IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**ROBERT J. LEEK,**

**Defendant.**                                                    No. 00-30068-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On January 4, 2002, the Court sentenced Leek to life imprisonment (Doc. 134) and the Clerk of the Court entered Judgment reflecting the same on January 8, 2002 (Doc. 137). On August 12, 2015, Leek, pro se, moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 (Doc. 159). On September 11, 2015, the Federal Public Defender's office entered an appearance (Doc. 160). Subsequently, on April 14, 2016, Assistant Federal Public Defender Ethan Skaggs moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 161). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court

allowed Leek an opportunity to respond to the motion to withdraw (Doc. 163). As of this date, he has not done so.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The Court finds that Leek *is* not entitled to a reduction of his sentence. At Leek's sentencing in January 2002, his *total* offense level was 43 with a criminal history category of III making life imprisonment the applicable guideline range.[1] Applying Amendment 782, Leek's *base* offense level is 36. However, with the other adjustments added to the offense level as noted in the Presentence Report, Leek's total offense level is 44. Therefore, the guideline range applicable to Leek remains the same and Leek is not entitled to a reduction.

---

[1] His offense level reached 46. However, under USSG Chapter 5, Part A, Comment (n. 2), a level higher than 43 is treated as offense level 43.

Accordingly, the Court **DENIES** defendant's motion for reduction of sentence (Doc. 159) and **GRANTS** the motion to withdraw (Doc. 161).

**IT IS SO ORDERED.**

Signed this 18th day of May, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.05.18 12:57:02 -05'00'

**United States District Court**